■ COHOES ROD & GUN CLUB, INC., Respondent, v FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, Appellant.— Main J. Appeal from an order of the Supreme Court (Kahn, J.), entered December 3, 1986 in Albany County, which granted plaintiff's motion for summary judgment and declared that defendant was obligated to defend and indemnify plaintiff in a pending action.

Plaintiff commenced this action seeking a declaration that defendant is obligated to defend and indemnify plaintiff in a pending action brought by Nicholas J. Kdidnasky, III, against plaintiff and Cali Building Company, Inc. This underlying lawsuit, commenced in April 1984, alleges that plaintiff and Cali had entered into an agreement whereby Cali agreed to perform certain construction work on a building owned by plaintiff, that Cali engaged N & L Roofing Company to do the work and that on December 1, 1981, due to the negligence of plaintiff and Cali, Kdidnasky, an employee of N & L Roofing, was injured when he fell from plaintiff's building. Defendant denied coverage to plaintiff in the underlying suit, claiming that plaintiff, by not advising defendant of the incident until commencement of the underlying action in April 1984, failed to give notice of the occurrence "as soon as practicable" as required by the policy of insurance between the parties. Plaintiff moved for summary judgment, arguing that its failure to give notice until the underlying action was commenced was reasonable under the circumstances. Supreme Court agreed with plaintiff's contention and granted summary judgment. From the order entered thereon, defendant appeals.

Initially, we will not consider the deposition appended to defendant's brief and will not use such discovery as a basis to conclude that facts essential to justify opposition may exist but cannot be stated (see, CPLR 3212 [f]). The order appealed

from does not reflect any consideration of such deposition, which is therefore not properly before us. There is nothing in the record to indicate that the provisions of CPLR 3212 (f) should be invoked.

On the merits, it is well settled that notice of an occurrence required by an insurance policy to be given "as soon as practicable" must be given within a reasonable time under the facts and circumstances of each case *(Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12, 19). An insured may explain or excuse his delay by demonstrating a good-faith belief in nonliability so long as the belief is reasonable under the circumstances *(Merchants Mut. Ins. Co. v Hoffman,* 86 AD2d 779, *affd* 56 NY2d 799). Thus, on this appeal, we must consider whether the record demonstrates as a matter of law that plaintiff's failure to give notice until commencement of the underlying action over two years after the incident was reasonable.

The deposition testimony of George Durant, plaintiff's president at the time of the occurrence, reveals that he and other of plaintiff's members, none of whom had any legal training, believed no lawsuit was possible because Cali was required under its contract with plaintiff to maintain insurance, including workers' compensation coverage, for all employees, a fact borne out by the terms of the contract. While this explanation by unsophisticated lay persons may be sufficient to excuse the delay *(see, Mighty Midgets v Centennial Ins. Co., supra),* we find ambiguities raised by other testimony offered by Durant. For example, Durant stated that he had contact with an insurance representative about the December 1, 1981 incident, but that he could not say when this contact occurred, whether it was before or after commencement of the lawsuit, or who the insurance representative was. If this contact occurred before commencement of the underlying action, then it may be that plaintiff should have undertaken some investigation to determine if plaintiff was somehow involved in the incident and whether defendant should have been notified at an earlier date *(see, Security Mut. Ins. Co. v Acker-Fitzsimons Corp.,* 31 NY2d 436). With this issue unresolved, we cannot say that there are no questions of fact outstanding so as to warrant summary judgment. Accordingly, the order granting plaintiff summary judgment must be reversed.

Order reversed, on the law, with costs, and motion denied. Mahoney, P. J. Kane, Main, Yesawich, Jr., and Levine, JJ., concur.