■ AMRO CARTING CORP., Respondent, v ALLCITY INSURANCE COMPANY, Appellant.—Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on or about December 11, 1989, which denied both parties' motions for summary judgment, unanimously affirmed, with costs.

Raul Torres, an employee of plaintiff, brought his son, Paul, 20 years old, to his job on September 10, 1986. While operating a truck owned by plaintiff, an accident occurred and Paul apparently sustained an injury below his eye which required stitches. Raul's brother-in-law, Emile Incognoli, who is the president of plaintiff, was advised of the accident and Paul's injury on the day of the accident.

Almost 2 years after the accident, Paul instituted a lawsuit against plaintiff seeking $3 million in damages due to plaintiff's negligence. Plaintiff notified its insurance carrier, defendant, immediately after it was served with the summons and complaint. Defendant disclaimed coverage on the grounds that it was not timely notified of the claim, and that Paul was not covered by the policy because he was an employee of plaintiff.

In this action, plaintiff seeks a declaration that it is insured by defendant with regard to the instant claim. Both sides moved for summary judgment, and the IAS Court denied the motions since questions of fact exist as to whether plaintiff timely notified defendant of the claim and whether Paul was an employee of plaintiff.

As to the question of timely notification, while Incognoli was aware of the accident on the day that it occurred, he also had conversation with Raul and Paul and no mention was ever made that Paul intended to sue plaintiff for damages. Whether plaintiff reasonably believed that a claim would not be made *(see, e.g., Merchants Mut. Ins. Co. v Hoffman,* 56 NY2d 799, 801) is a question of fact for a jury to determine and thus summary judgment is inappropriate on this issue.

With respect to the issue of whether Paul was an employee

of plaintiff, and thus excluded from coverage, we disagree with the trial court's conclusion that there is an issue of fact. The evidence demonstrates that there was never an agreement of employment, express or implied, between plaintiff and Paul. Paul accompanied Raul to his job without the knowledge of plaintiff. Raul had no authority to request that Paul accompany him on the job nor did Raul seek consent from any of his superiors to bring Paul on the job. In fact, Raul, as a union member, was aware that it was against company and union regulations to have his son accompany him on the job. Concur —Murphy, P. J., Sullivan, Rosenberger, Ross and Asch, JJ.