■ ROBERT ZUGNONI et al., Individually and as Parents and Natural Guardians of PATRICK ZUGNONI, an Infant, Appellants, v TRAVELERS INSURANCE COMPANIES, Respondent.—

In this case, there were uncontroverted facts supporting plaintiffs' excuse that no notice was given because they did not anticipate that a claim would be covered under the policy. The incident underlying the claim was merely an altercation between students on a school bus, and plaintiffs had an understanding with the parents of the injured boy that they would not assert a claim. Those parties treated the incident as an intentional act for which there was no coverage under the policy. Indeed, the parents of the injured student asserted a claim only against the school district, which served plaintiffs with a third-party complaint. Upon receiving that third-party complaint, plaintiffs promptly gave notice to defendant. Thus, in the circumstances, it cannot be said that plaintiffs' failure

to give timely notice to defendant was unreasonable as a matter of law *(see, Hartford Fire Ins. Co. v Masternak, supra; see also, Merchants Mut. Ins. Co. v Hoffman,* 86 AD2d 779, *affd* 56 NY2d 799; *Clute v Harder Silo Co.,* 42 AD2d 818, 819; *Insurance Co. v Shore,* 94 Misc 2d 451). (Appeal from Judgment of Supreme Court, Monroe County, Siracuse, J.—Declaratory Judgment.) Present—Denman, P. J., Pine, Balio, Lawton and Davis, JJ.