■ CARRIER COMMUNICATIONS CORP., Respondent, v CELLULAR TELEPHONE ENTERPRISES, INC., Appellant. (Matter No. 1.) In the Matter of CARRIER PAGING SYSTEMS, INC., Respondent, v

CELLULAR TELEPHONE ENTERPRISES, INC., Appellant. (Matter No. 2.)—In an action to recover damages for goods sold and delivered, consolidated with a proceeding to stay arbitration, Cellular Telephone Enterprises, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), dated April 29, 1992, as (1) granted those branches of the motion of Carrier Paging Systems, Inc., which were to stay arbitration concerning claims against Rick Kaminer and Harry Lowenthal individually, and (2) granted the cross motion of Carrier Communications Corp. to stay arbitration against it and to sever the action from the proceeding.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the appellant's contentions, the Supreme Court did not decide the merits of the case in deciding which parties are subject to the arbitration agreement (see, Matter of Lane [Abel-Bey], 50 NY2d 864). Moreover, we agree that the appellant failed to establish that Carrier Paging Systems, Inc., was the alter ego of its parent, Carrier Communications Corp., which would have allowed the court to pierce the corporate veil and hold a nonsignatory liable on the contracts in question, or that the corporate officers of Carrier Paging Systems, Inc., were personally liable on those contracts (see, Frank Corp. v Federal Ins. Co., 70 NY2d 966, 967; Zuckerman v City of New York, 49 NY2d 557, 562).

We have considered the appellant's remaining contentions and find them to be without merit. Bracken, J. P., Rosenblatt, O'Brien and Copertino, JJ., concur.