■ TOWN OF SMITHTOWN et al., Respondents, v NATIONAL UNION FIRE INSURANCE COMPANY et al., Appellants. [594 NYS2d 318] —In an action, *inter alia,* for a judgment declaring the rights and obligations of parties under a contract of liability insurance, the defendants National Union Fire Insurance Company and American International Group, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Brown, J.), entered July 5, 1990, as, upon searching the record, granted summary judg-

ment in favor of the plaintiffs, declaring that the defendants are obligated to defend them under the insurance contract, denied that branch of the defendants' cross motion which was for summary judgment on behalf of American International Group, Inc., and held that the plaintiffs' motion for a protective order was academic.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' cross motion which was for summary judgment on behalf of American International Group, Inc., is granted, it is declared that American International Group, Inc., has no duty to defend or indemnify the plaintiffs, and the matter is remitted to the Supreme Court, Suffolk County, for a new determination with respect to the plaintiffs' motion for a protective order.

The plaintiffs brought this declaratory judgment action seeking a determination that the defendants had a duty to defend them in four actions brought by various school districts in Suffolk County, for their alleged failure to timely disburse tax money in accordance with the Suffolk County Tax Act (hereafter the SCTA) over a six-year period. Upon receiving the complaints, the plaintiffs notified the defendants of the lawsuits. The defendants thereafter disclaimed coverage, in part, due to failure to give notice of the claims "as soon as practicable". The instant litigation ensued.

Compliance with a proper notice-of-claim provision in an insurance policy is a condition precedent to all of an insurer's duty under the policy, including the duty to defend *(see, Empire City Subway Co. v Greater N. Y. Mut. Ins. Co.,* 35 NY2d 8; *Commercial Union Ins. Co. v International Flavors & Fragrances,* 822 F2d 267), and the insurer need not show prejudice before it can assert the defense of noncompliance *(see, Unigard Sec. Ins. Co. v North Riv. Ins. Co.,* 79 NY2d 576, 581; *Security Mut. Ins. Co. v Acker-Fitzsimons Corp.,* 31 NY2d 436, 440; *Reliance Ins. Co. v Garsart Bldg. Corp.,* 131 AD2d 828, 829). An insured's good-faith belief of nonliability, however, may excuse or explain a seeming failure to give timely notice of a claim against it as long as the belief is reasonable under the circumstances *(see, Merchants Mut. Ins. Co. v Hoffman,* 56 NY2d 799, 801-802; *Security Mut. Ins. Co. v Acker-Fitzsimons Corp., supra,* at 441; *Reliance Ins. Co. v Garsart Bldg. Corp., supra,* at 829).

We find that the allegations in the underlying complaints demonstrate that there may be an issue of fact concerning

whether or not the plaintiffs should have reasonably been aware that a violation of the SCTA might possibly give rise to a claim of coverage under the policy. We therefore reverse so much of the order as granted summary judgment to the plaintiffs. Further discovery should be conducted on this issue. In this regard, we note that an order directing that discovery remain confidential with respect to third parties might be appropriate to resolve the plaintiffs' concern that compliance with discovery might prejudice their defense in the underlying actions.

We further find that the contract of insurance was entered into by the Town of Smithtown and the National Union Fire Insurance Company and that the plaintiffs have failed to allege or tender proof that the parent company, American International Group, Inc., exercised complete dominion and control over National Union Fire Insurance Company in this matter. Thus, liability of the parent company for the contractual obligations of its subsidiary may not be imposed (see, *Carrier Communications Corp. v Cellular Tel. Enters.*, 189 AD2d 848; *Pebble Cove Homeowners' Assn. v Fidelity N. Y.*, 153 AD2d 843; *Eastern States Elec. Contrs. v Crow Constr. Co.*, 153 AD2d 522). We therefore grant that branch of the defendants' cross motion which was for partial summary judgment on behalf of American International Group, Inc. Thompson, J. P., Sullivan, Miller and Santucci, JJ., concur.