■ STEPHEN COTTONE, Respondent, v VANGUARD INSURANCE COMPANY, Appellant, et al., Defendants. [606 NYS2d 1004] —In an action for a judgment declaring that the defendant Vanguard Insurance Company has a duty to defend and indemnify the plaintiff with respect to the counterclaim in an underlying

action entitled *Cottone v City of New York,* pending in the Supreme Court, Kings County, the defendant Vanguard Insurance Company appeals from a judgment of the Supreme Court, Kings County (Hutcherson, J.), dated June 28, 1991, which (1) denied its motion for a declaration that it is not obligated to defend and indemnify the plaintiff and for summary judgment dismissing the complaint, and (2) declared that it is required to defend the plaintiff, to afford him coverage, and to satisfy any judgment against the plaintiff in the underlying action to the extent of the monetary obligation stated in the plaintiff's policy.

Ordered that the order is affirmed, with costs.

Contrary to the appellant's contentions, the required notice of the subject occurrence was sent to the appellant as soon as it was practical to do so under the facts and circumstances of this case *(see, Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12). The record sufficiently demonstrates that the plaintiff possessed a good faith belief of nonliability. Therefore, his delay in informing the appellant of the subject occurrence is excusable under the circumstances *(see, Empire City Subway Co. v Greater N. Y. Mut. Ins. Co.,* 35 NY2d 8).

We reject the appellant's remaining contention *(see, Fitzpatrick v American Honda Motor Co.,* 78 NY2d 61, 63). Bracken, J. P., Sullivan, Lawrence and Joy, JJ., concur.