■ E.T. NUTRITION INCORPORATED, Appellant, v CENTRAL MUTUAL INSURANCE COMPANY, Respondent, et al., Defendants. [607 NYS2d 392] —In an action, *inter alia,* for a judgment declaring that the defendant Central Mutual Insurance Company is obligated to defend and indemnify the plaintiff in an underlying tort action pursuant to a policy of liability insurance, the plaintiff appeals from an order of the Supreme Court, Nassau County (Collins, J.), dated September 27, 1991, which (1) granted the motion of the defendant Central Mutual Insurance Company for summary judgment, (2) denied the plaintiff's cross motion for summary judgment, and (3) declared that the defendant Central Mutual Insurance Company is not obligated to defend or indemnify the plaintiff.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting the motion of the defendant Central Mutual Insurance Company for summary judgment and declaring that it is not obligated to defend or indemnify the plaintiff in the underlying tort action, and by substituting therefor a provision denying the motion of the defendant Central Mutual Insurance Company for summary judgment; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

The defendant Central Mutual Insurance Company (hereinafter Central) issued a liability insurance policy to the plaintiff covering the period of June 8, 1987, to June 8, 1988. On or about March 1, 1988, a regular customer of the plaintiff's store allegedly purchased and consumed a prepackaged beverage product from the plaintiff and thereafter became ill. On March 22, 1988, a police detective visited the store and informed the proprietor that there was a complaint that someone became seriously ill after consuming the beverage and that a criminal investigation into possible product tampering was being conducted. The detective directed the proprietor to remove the product from the shelves and took some containers of the beverage for laboratory testing. According to the deposition testimony of the plaintiff's proprietor, the detective stated

that he would let her know if there was anything wrong with the product, and that if she did not hear anything further from him, "everything is okay". There was no further contact between the police and the proprietor regarding the matter. In February 1989 the plaintiff was served with a summons and complaint in the underlying tort action which arose from the incident. The plaintiff promptly notified Central of the pending action, but Central disclaimed coverage, claiming that the plaintiff had breached a condition of the insurance policy by its unreasonable delay in providing Central with notice of the occurrence which arose in March 1988. The plaintiff thereafter commenced the instant action for a declaration that Central was obligated to defend and indemnify it in the underlying action. Both parties moved for summary judgment, and the Supreme Court, *inter alia,* granted the motion by Central and declared that it was not obligated to defend or indemnify the plaintiff because the plaintiff's delay in notifying Central was unreasonable as a matter of law. We disagree.

"[I]t is well settled that notice of an occurrence required by an insurance policy to be given 'as soon as practicable' must be given within a reasonable time under the facts and circumstances of each case" *(Cohoes Rod & Gun Club v Firemen's Ins. Co.,* 134 AD2d 782, 783; *see, Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12). However, "[w]hen the facts of an occurrence are such that the insured acting in good faith would not reasonably believe that liability on his part will result, notice of the occurrence given by the insured to the insurer is given 'as soon as practicable' if given promptly after the insured receives notice that a claim against him will in fact be made" *(Merchants Mut. Ins. Co. v Hoffman,* 56 NY2d 799, 801). Accordingly, "the insured's good-faith belief that it is not liable will excuse a failure to give timely notice if the belief is reasonable under all the circumstances of the case" *(Beach Haven Apts., No. 6 v Allcity Ins. Co.,* 182 AD2d 658, 659; *see, e.g., Cottone v Vanguard Ins. Co.,* 199 AD2d 298). Generally, questions of the insured's good faith and reasonableness in believing that he or she would not be sued and in delaying notification to the insurer are issues to be resolved by the trier of fact *(see, Winstead v Uniondale Union Free School Dist.,* 170 AD2d 500; *AMRO Carting Corp. v Allcity Ins. Co.,* 170 AD2d 394). In view of the evidence presented on the parties' respective motions for summary judgment in this case, we find that a question of fact exists with regard to whether the plaintiff's delay in notifying Central of the occurrence was, under all of the attendant circumstances, reason-

able and premised on a good faith belief that a claim would not be made against the plaintiff *(see, e.g., Town of Smithtown v National Union Fire Ins. Co.,* 191 AD2d 426; *Zugnoni v Travelers Ins. Cos.,* 179 AD2d 1033; *Triantafillou v Colonial Coop. Ins. Co.,* 178 AD2d 925; *Cohoes Rod & Gun Club v Firemen's Ins. Co.,* 134 AD2d 782, *supra).* Accordingly, we remit the matter to the Supreme Court, Nassau County, so that this question may be resolved. Bracken, J. P., Sullivan, Krausman and Goldstein, JJ., concur.