■ MILL BASIN FLOWER SHOP, INC., Doing Business as FLOWER DEN, Respondent, v U.S. UNDERWRITERS INSURANCE COMPANY, Appellant. [616 NYS2d 50] —In an action for a judgment declaring that the defendant must defend and/or indemnify the plaintiff in an underlying tort action pursuant to a policy of liability insurance, the defendant appeals from an

order of the Supreme Court, Kings County (Dowd, J.), dated November 6, 1992, which denied its motion for summary judgment.

Ordered that the order is affirmed, with costs.

Contrary to the defendant insurance carrier's intention, we find that a question of fact exists as to whether or not the plaintiff's delay in notifying its carrier of an alleged occurrence was, under all of the attendant circumstances, reasonable and premised on a good faith belief that a claim would not be made against the plaintiff (see, E.T. Nutrition v Central Mut. Ins. Co., 201 AD2d 451; Town of Smithtown v National Union Fire Ins. Co., 191 AD2d 426; Zugnoni v Travelers Ins. Cos., 179 AD2d 1033).

Furthermore, questions of fact exist as to whether or not the alleged occurrence falls within the completed operations hazard and/or the products hazard exclusion of the relevant general liability insurance policy (cf., Logan's Silo Sales & Serv. v Nationwide Mut. Fire Ins. Co., 185 AD2d 651).

Under these facts, summary judgment in favor of the defendant insurer was properly denied. Lawrence, J. P., O'Brien, Copertino and Friedmann, JJ., concur.