■ Young D. Kim, Respondent, v William Maher, Defendant, and New York Central Mutual Fire Insurance Company, Appellant. [640 NYS2d 579] —In an action, *inter alia,* for a judgment declaring that the defendant New York Central Mutual Fire Insurance Company has a duty to defend and indemnify the plaintiff with respect to an action entitled *Maher v Kim,* pending in the Supreme Court, Putnam County, the defendant New York Central Mutual Fire Insurance Company appeals from an order and judgment (one paper) of the Supreme Court, Putnam County (Hickman, J.), dated March 2, 1995, which granted the plaintiff's motion for partial summary judgment, denied its cross motion for partial summary judgment, and made the declaration.

Ordered that the order and judgment is modified, on the law, by deleting the provisions thereof which granted the motion of the plaintiff for partial summary judgment and declared that the defendant New York Central Mutual Fire Insurance Company is obligated to defend and indemnify the plaintiff with respect to an action entitled *Maher v Kim* pending in Supreme Court, Putnam County, and substituting therefor a provision denying the plaintiff's motion; as so modified, the order and judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Putnam County, for further proceedings consistent herewith.

It is well settled that where an insurance policy requires that notice of an occurrence be given promptly, notice must be given within a reasonable time under the facts and circumstances of each case (*see, Cohoes Rod & Gun Club v Firemen's Ins. Co.,* 134 AD2d 782, 783; *Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12). However, "the insured's good-faith belief that it is not liable will excuse a failure to give timely notice if the belief is reasonable under all the circumstances of the case" (*Beach Haven Apts., No. 6 v Allcity Ins. Co.,* 182 AD2d 658, 659; *see, e.g., Cottone v Vanguard Ins. Co.,* 199 AD2d 298). Generally, questions of the insured's good faith and reasonableness in believing that he or she would not be sued and in delaying notification to the insurer are issues to be resolved by the trier of fact (*see, Winstead v Uniondale Union Free School Dist.,* 170 AD2d 500; *AMRO Carting Corp. v Allcity Ins. Co.,* 170 AD2d 394). In view of the evidence presented on the parties' respective motions for partial summary judgment in this case, we find that a question of fact exists with regard to whether the plaintiff's delay in notifying New York Central Mutual Fire Insurance Company of the occurrence was, under all of the attendant circumstances, reasonable and premised

on a good faith belief that a claim would not be made against him (*see, e.g., E.T. Nutrition v Central Mut. Ins. Co.*, 201 AD2d 451; *Town of Smithtown v National Union Fire Ins. Co.*, 191 AD2d 426; *Zugnoni v Travelers Ins. Cos.*, 179 AD2d 1033; *Triantafillou v Colonial Coop. Ins. Co.*, 178 AD2d 925; *Cohoes Rod & Gun Club v Firemen's Ins. Co., supra*). Accordingly, we remit the matter to the Supreme Court, Putnam County, so that this question may be resolved. Mangano, P. J., Miller, Ritter and Hart, JJ., concur.