■ WILLIAM REID et al., Respondents, v CITIZENS INSURANCE COMPANY OF AMERICA et al., Appellants. [643 NYS2d 146] —In an action, *inter alia,* for a judgment declaring that the defendant

Citizens Insurance Company of America has a duty to defend and indemnify the plaintiffs with respect to an action entitled *Gorniok v Reid,* pending in the Supreme Court, Suffolk County, the defendants appeal, as limited by their brief, from stated portions of an order and judgment (one paper) of the Supreme Court, Suffolk County (D'Emilio, J.), dated May 8, 1995, which, *inter alia,* granted the plaintiffs' motion for summary judgment declaring that the defendant Citizens Insurance Company of America has a duty to defend and indemnify the plaintiffs and denied their cross motion for summary judgment.

Ordered that the order and judgment is modified, on the law, by deleting the provisions thereof which (1) granted the plaintiffs' motion for summary judgment, (2) declared that the defendants are obligated to defend and indemnify the plaintiffs with respect to an action entitled *Gorniok v Reid,* pending in the Supreme Court, Suffolk County, (3) directed the defendants to pay any and all attorneys fees, already paid or which are due and owing, incurred by the plaintiffs in the defense of the action entitled *Gorniok v Reid,* pending in the Supreme Court, Suffolk County, and (4) awarded the plaintiffs costs on their motion for summary judgment, and substituting therefor a provision denying the plaintiffs' motion in its entirety; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Triable issues of fact exist as to whether the plaintiffs' delay in notifying the defendants of the occurrence for which they now seek defense and indemnification was based on a good faith belief that a claim would not be made against them and whether such belief was reasonable (*see, Kim v Maher,* 226 AD2d 350). Therefore, the court erred in granting the plaintiffs' motion for summary judgment. Moreover, we note that Supreme Court improperly considered whether the defendants were prejudiced by the plaintiffs' delay in providing notice of the underlying occurrence (*see, Unigard Sec. Ins. Co. v North Riv. Ins. Co.,* 79 NY2d 576, 578; *Security Mut. Ins. Co. v Acker-Fitzsimons Corp.,* 31 NY2d 436, 440).

The court also erred in awarding the plaintiffs costs on their motion for summary judgment (*see, Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12, 21).

The defendants' remaining contention is without merit. Bracken, J. P., Miller, Joy, Hart and Krausman, JJ., concur.