■ RICH REALTY Co. et al., Respondents, v PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Appellant. [664 NYS2d 797] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about December 23, 1996, which granted plaintiffs' motion for a declaratory judgment declaring that defendant Public Service Mutual Insurance Company is required to defend and indemnify plaintiffs in an underlying personal injury action, unanimously reversed, on the law, without costs or disbursements, the motion denied, and the matter remanded for further proceedings.

In support of plaintiffs' motion for a declaratory judgment, plaintiff Lorna Bodian, one of the owners of the covered building, states that the victim's husband informed the building superintendent of the stabbing, but did not tell the superintendent where it took place. According to Bodian's affidavit,

neither the victim nor her husband informed Bodian of the assault. Rather, she states, the superintendent "merely repeated to me his conversation with [the victim's husband] regarding the incident."[1] Bodian also states that she had a good faith and reasonable belief that the attack "was of a criminal nature which did not a) occur on the Plaintiff[s'] premises or b) involve any civil matter or negligence on the part of Plaintiffs with respect to our methods or means of ownership, management or control of the premises."

It is fair to infer from Bodian's affidavit that she was not aware that the attack was alleged to have taken place on the building premises until she received the summons and complaint. This conflicts with signed statements she gave to an insurance investigator after she forwarded the summons and complaint to defendant in which she stated that the superintendent "called me and told me that a tenant had been attacked and stabbed in the entranceway of the building near the buzzer system * * * earlier that day" and that she was told by the superintendent that the tenant "was inside the building near the intercom system" when she was allegedly attacked. At her deposition, Bodian initially testified that she learned shortly after the alleged assault that the tenant made a claim of having been assaulted in the entranceway of the building. Later, after repeated admonitions by her attorney to listen to the questions, she stated that she only learned that the assault was alleged to have occurred in the entranceway to the building after receiving the summons.[2]

Similarly, the superintendent's statement to the insurance investigator conflicts with his deposition testimony. In his statement, he placed the location of the incident "near the buzzers" "as [the victim] tried to enter the inner door of the building" and stated that the victim's husband said that he heard his wife screaming over the intercom. At his examination before trial, however, he stated that he did not know until he spoke to the insurance investigator where the stabbing took place and that the victim's husband heard her screams.

This appeal turns on the question of plaintiffs' good faith belief that a claim for civil liability against them would not ensue and involves questions of fact as to plaintiffs' contempo-

---

1. Bodian admits that she was aware, soon after the incident, that it allegedly occurred in the "vicinity" of the building.

2. The complaint alleges that the assault and battery occurred "on the described premises of defendants" and that defendants negligently failed to install proper lighting and security devices on the premises, but the pleadings do not pinpoint the location of the alleged assault.

raneous knowledge of the circumstances surrounding the occurrence, e.g., where the attack is alleged to have occurred, which cannot be resolved on the conflicting evidence in this record. (*See, Reid v Citizens Ins. Co.*, 227 AD2d 461, 462.) While Bodian's statement, which is not directly challenged, that she believed that the incident was criminal in nature and that it therefore would not result in civil liability might provide an independent basis for finding a good faith belief in non-liability (*see, Beach Haven Apts., No. 6 v Allcity Ins. Co.*, 182 AD2d 658, *lv denied* 80 NY2d 761), the conflicting evidence precludes us from determining that such belief is reasonable (*see, supra*). Concur—Sullivan, J. P., Milonas, Wallach, Williams and Colabella, JJ.