■ HERMAN WITRIOL, Respondent, v TRAVELERS INSURANCE GROUP, Appellant. [674 NYS2d 429] —In an action for a judgment declaring, inter alia, that the defendant has a duty to defend and indemnify the plaintiff in an action entitled Fogel v Witriol, pending in the Supreme Court, Kings County, under Index No. 20300/96, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Garson, J.), dated June 5, 1997, which, inter alia, declared that the defendant is obligated to defend and indemnify the plaintiff in the underlying action.

Ordered that the order and judgment is reversed, on the law, without costs or disbursements, and the matter is remitted to Supreme Court, Kings County, for a hearing in accordance herewith.

On November 15, 1994, the plaintiff's infant grandson, Jeremiah Fogel, allegedly suffered personal injuries in an accident in the plaintiff's apartment. According to the plaintiff, Fogel's injuries were initially thought not to be serious, but it was subsequently determined that "he had sustained a severely torn ligament" and other damage to his ankle. In February 1995 Fogel's family retained an attorney to investigate the incident, and sometime thereafter, the plaintiff notified the defendant, Travelers Insurance Group (hereinafter Travelers), which had issued a liability policy covering the plaintiff's apartment, of the incident. Travelers subsequently disclaimed coverage on the ground that the plaintiff had not notified it of the subject incident "as soon as practicable", as required by his policy.

After Fogel, by his father, and Fogel's father, individually, commenced a personal injury action against the plaintiff, the plaintiff commenced the instant action for a judgment declaring that Travelers has a duty to defend and indemnify him in that action. Travelers cross-moved for a judgment declaring that it is not obligated to defend or indemnify the plaintiff. The

Supreme Court, without a hearing, declared that Travelers is obligated to defend and indemnify the plaintiff in the underlying action.

"The requirement that an insured notify its liability carrier of a potential claim 'as soon as practicable' operates as a condition precedent to coverage * * * There may be circumstances, such as lack of knowledge that an accident has occurred or a reasonable belief in nonliability, that will excuse or explain delay in giving notice, but the insured has the burden of showing the reasonableness of such excuse" (*White v City of New York*, 81 NY2d 955, 957, quoting *Unigard Sec. Ins. Co. v North Riv. Ins. Co.*, 79 NY2d 576, 581). In the instant case, the plaintiff claims that his delay in notifying Travelers of the underlying incident was his good faith belief that Fogel would not seek to hold him liable for his injuries (*see, Argentina v Otsego Mut. Fire Ins. Co.*, 86 NY2d 748; *D'Aloia v Travelers Ins. Co.*, 85 NY2d 825).

Whether the plaintiff had such a "good faith belief", and whether such belief was reasonable, are ordinarily questions of fact (*Argentina v Otsego Mut. Fire Ins. Co., supra*, at 750). In the instant case, the Supreme Court did not hold a hearing to resolve these factual issues (*cf., Argentina v Otsego Mut. Fire Ins. Co., supra*), and they cannot be determined on the record before us. Therefore, the matter is remitted to Supreme Court, Kings County, for a hearing on the issues of whether the plaintiff possessed a good faith belief that Fogel would not seek to hold him liable for his injuries and, if so, whether such belief was reasonable under the circumstances (*see, Reid v Citizens Ins. Co.*, 227 AD2d 461; *Kim v Maher*, 226 AD2d 350). Bracken, J. P., Copertino, Santucci and Florio, JJ., concur.