■ BHIMSEN KALIANDASANI et al., Respondents, v OTSEGO MUTUAL FIRE INSURANCE COMPANY, Appellant. [681 NYS2d 323] —In an action, *inter alia*, for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiffs in an action entitled *Deyvon Johnson v Bhimsen Kaliandasani* pending in the Supreme Court, Queens County, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Golar, J.), dated October 10, 1997, which granted the plaintiffs' motion for summary judgment, denied its cross motion for summary judgment, and declared that it is obligated to defend and indemnify the plaintiffs in the underlying action and to reimburse the plaintiffs for legal fees and costs incurred in the defense of that action.

Ordered that the order and judgment is modified by (1) deleting the provision thereof granting the plaintiffs' motion for summary judgment and substituting therefor a provision denying the plaintiffs' motion, and (2) deleting the second through fifth decretal paragraphs thereof; as so modified, the order and judgment is affirmed, without costs or disbursements.

The plaintiffs received an Order to Abate Nuisance in September 1993, issued by the New York City Lead Poisoning Prevention Program, advising them that a child residing in a building owned by them had elevated levels of lead in his blood and that lead-based paint was found within the dwelling. While the plaintiffs immediately remedied the condition, they did not notify the defendant insurance company, which had a requirement that an insured must give prompt notice of "anything that indicates there might be a claim under this policy". Approximately nine months later, the plaintiffs received a copy of a legal notice, in connection with the aforementioned dwelling, which they did not understand, and they made repeated attempts to reach their insurance agent, who, undisputedly is an

agent of the defendant. The notice indicated that a default judgment had been taken against the plaintiffs in a personal injury action commenced on behalf of the above child with lead poisoning. The plaintiffs finally reached the agent about four months later and notified him of the legal proceedings against them.

Compliance with a notice of occurrence provision in an insurance policy is a condition precedent to an insurer's liability under the policy (*see, Mount Vernon Fire Ins. Co. v East Side Renaissance Assocs.,* 893 F Supp 242, 247; *see also, White v City of New York,* 81 NY2d 955, 957; *Commercial Union Ins. Co. v International Flavors & Fragrances,* 822 F2d 267). There may be circumstances, such as lack of knowledge that an accident has occurred or a reasonable belief in the insured's non-liability, that will excuse or explain delay in giving notice, but the insured has the burden of showing the reasonableness of such excuse (*White v City of New York, supra,* at 957; *Security Mut. Ins. Co. v Acker-Fitzsimons Corp.,* 31 NY2d 436, 441; *Mount Vernon Fire Ins. Co. v East Side Renaissance Assocs., supra,* at 247). "Whether an insured is required to give notice to an insurer of an 'occurrence' depends on the particular facts and circumstances underlying the occurrence" (*Mount Vernon Fire Ins. Co. v East Side Renaissance Assocs., supra,* at 247; *see also, D'Aloia v Travelers Ins. Co.,* 85 NY2d 825, 826). The reasonableness of the plaintiffs' actions in failing to notify the defendant of the Order to Abate Nuisance and in not forwarding the notice of the legal proceedings against them to the defendant until four months after they received it are generally questions of fact to be resolved by the trier of fact. Accordingly, summary judgment is unwarranted (*see, E.T. Nutrition v Central Mut. Ins. Co.,* 201 AD2d 451, 452). Mangano, P. J., Thompson, Santucci and McGinity, JJ., concur.