■ EVELYN LEVINE et al., Plaintiffs, v DRAKE MANOR, INC., Defendant and Third-Party Plaintiff-Respondent-Appellant. PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Third-Party Defendant-Appellant-Respondent. [683 NYS2d 859] —In an action to recover damages for personal injuries, etc., and a third-party action, *inter alia,* for a judgment declaring that the third-party defendant Public Service Mutual Insurance Company must defend and indemnify the defendant Drake Manor, Inc., in the principal action, (1) the third-party defendant Public Service Mutual Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Fredman, J.), entered April 28, 1998, as denied its motion for summary judgment declaring that it is not obligated to defend and indemnify the defendant in the personal injury action, and (2) the defendant third-party plaintiff Drake Manor, Inc., cross-appeals from so much of the same order as denied its cross motion for summary judgment declaring that the third-party defendant is obligated to defend and indemnify it.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

It is well settled that where an insurance policy requires that notice of an occurrence be given "as soon as practicable", notice must be given within a reasonable time under the facts

and circumstances of each case (*see, White v City of New York,* 81 NY2d 955, 957; *Unigard Sec. Ins. Co. v North Riv. Ins. Co.,* 79 NY2d 576, 581; *Merchants Mut. Ins. Co. v Hoffman,* 56 NY2d 799, 801; *Security Mut. Ins. Co. v Acker-Fitzsimons Corp.,* 31 NY2d 436, 440). Circumstances may exist that will excuse or explain the delay in giving notice, such as lack of knowledge that an accident has occurred or a reasonable belief in nonliability, but the insured has the burden of showing the reasonableness of the excuse (*see, Security Mut. Ins. Co. v Acker-Fitzsimons Corp.,* 31 NY2d, at 441, *supra*).

Triable issues of fact exist here as to whether the defendant third-party plaintiff Drake Manor, Inc. (hereinafter Drake), had knowledge of the accident at the time that it occurred, and if so, whether Drake reasonably and in good faith believed that no liability on its part would result (*see, Kim v Maher,* 226 AD2d 350; *Kreger Truck Renting v American Guar. & Liab. Ins. Co.,* 213 AD2d 453; *Argentina v Otsego Mut. Fire Ins. Co.,* 207 AD2d 816, *affd* 86 NY2d 748; *E.T. Nutrition v Central Mut. Ins. Co.,* 201 AD2d 451; *Winstead v Uniondale Union Free School Dist.,* 170 AD2d 500, 503). Therefore, summary judgment was properly denied. Rosenblatt, J. P., O'Brien, Sullivan and Krausman, JJ., concur.