■ COSIMO BASSI, Plaintiff, v NEW YORK LADDER CORPORA-TION, Defendant, and PLANTING FIELDS FOUNDATION, Defendant and Third-Party Plaintiff-Respondent. FIFTY THREE RESTORATIONS, INC., et al., Third-Party Defendants; UNITED STATES UNDERWRITERS INSURANCE COMPANY et al., Third-Party Defendants-Appellants. [735 NYS2d 558] —In an action to recover damages for personal injuries, (1) the second third-party defendant United States Underwriters Insurance Company appeals from so much of an order of the Supreme Court, Kings County (Martin, J.), dated February 10, 2000, as denied that branch of its motion which was for summary judgment dismissing the second third-party complaint insofar as asserted against it and granted that branch of the cross motion of the second third-party plaintiff, Planting Fields Foundation, which was for summary judgment on the second third-party complaint declaring that United States Underwriters Insurance Company is obligated to defend and indemnify it in the main action, and (2) the second third-party defendant Reardon, Raplee, Lindner & Mehlman, Inc., separately appeals from so much of the same order as denied its motion for summary judgment dismissing the second third-party complaint insofar as asserted against it.

Ordered that the order is modified by deleting the provision thereof granting that branch of the cross motion of Planting Fields Foundation which was for summary judgment declaring that United States Underwriters Insurance Company is obligated to defend and indemnify it in the main action and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The subject insurance policy contained a provision that required that notice of the incident be given to United States Underwriters Insurance Company (hereinafter US Underwriters) as soon as practicable. The requirement that an insured notify its liability carrier of a potential claim as soon as practicable serves as a condition precedent to coverage (*see, White v City of New York,* 81 NY2d 955; *Pierre v Providence Washington Ins. Co.,* 286 AD2d 139). Here, triable issues of fact exist as to whether the requisite notice was given as soon as practicable (*see, White v City of New York, supra; Security Mut. Ins. Co. v Acker-Fitzsimons Corp.,* 31 NY2d 436; *Levine v Drake Manor,* 256 AD2d 448). Therefore, the Supreme Court should have

denied summary judgment to Planting Fields Foundation declaring that US Underwriters is obligated to defend and indemnify it in the main action.

The parties' remaining contentions are without merit. Krausman, J. P., S. Miller, Smith and Crane, JJ., concur.