■ M&N MANAGEMENT CORPORATION et al., Appellants-Respondents, v NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent-Appellant, and EILEEN O'NEILL, Respondent. [762 NYS2d 268] —In an action for a judgment declaring that the defendant Nationwide Mutual Insurance Company is obligated to defend and indemnify the plaintiffs in an action entitled *O'Neill v 4966 B'Way Realty,* pending in Supreme Court, New York County, under Index No. 106132/98, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Coppola, J.), entered December 20, 2001, as denied their motion for summary judgment and granted that branch of the cross motion of the defendant Nationwide Mutual Insurance Company which was for summary judgment declaring that it was not obligated to defend and indemnify them, and the defendant Nationwide Mutual Insurance Company separately appeals, as limited by its brief, from so much of the same order as denied that branch of its cross motion which was for summary judgment dismissing the cross claim of the defendant Eileen O'Neill.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the cross motion of the defendant Nationwide Mutual Insurance Company which was for summary judgment declaring that it was not ob-

ligated to defend and indemnify the plaintiffs and substituting therefor a provision denying that branch of the cross motion, and (2) by deleting the provision thereof denying that branch of the cross motion of the defendant Nationwide Mutual Insurance Company which was for summary judgment dismissing the cross claim of the defendant Eileen O'Neill and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed, without costs or disbursements.

The subject insurance policy contained a provision requiring that notice of an incident be given to the defendant Nationwide Mutual Insurance Company (hereinafter Nationwide) as soon as practicable. The requirement that an insured notify its liability carrier of a potential claim as soon as practicable serves as a condition precedent to coverage (see White v City of New York, 81 NY2d 955 [1993]; Bassi v New York Ladder Corp., 289 AD2d 431 [2001]; Pierre v Providence Wash. Ins. Co., 286 AD2d 139 [2001], affd 99 NY2d 222 [2002]). Here, triable issues of fact exist as to whether the requisite notice was given as soon as practicable (see White v City of New York, supra). Therefore, the Supreme Court properly denied the plaintiffs' motion for summary judgment.

Further, a triable issue of fact exists as to whether Nationwide disclaimed coverage of its insured in the underlying action "with reasonable promptness" (Murphy v Hanover Ins. Co., 239 AD2d 323, 324 [1997]; Lancer Ins. Co. v T.F.D. Bus Co., 286 AD2d 375, 376 [2001]). Thus, the Supreme Court should have denied that branch of Nationwide's cross motion which was for summary judgment for a declaration against the plaintiff.

However, under the facts of this case, the defendant Eileen O'Neill's cross claim alleging that Nationwide failed to timely disclaim coverage as to her must be dismissed as a matter of law (see Agway Ins. v Alvarez, 258 AD2d 487 [1999]).

The parties' remaining contentions are without merit. Santucci, J.P., Friedmann, Luciano and Rivera, JJ., concur.