■ Nails 21st Century Corp., Respondent, v Colonial Cooperative Insurance Co., Appellant. [803 NYS2d 626]—

In an action, inter alia, for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in an underlying personal injury action entitled *Parker v Nails 21st Century Corp.,* pending in the Supreme Court, Richmond County, under index No. 12495/01, the defendant appeals from an order from the Supreme Court, Richmond County (Vitaliano, J.), dated November 22, 2004, which denied its motion for summary judgment, searched the record, and awarded summary judgment to the plaintiff declaring that the defendant is obligated to defend the plaintiff in the underlying action.

Ordered that the order is modified, on the law, by deleting the provisions thereof which searched the record and awarded summary judgment to the plaintiff; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff nail salon commenced this action for a judgment declaring that the defendant insurance company was obligated to defend and indemnify it in an underlying personal injury brought by a customer who was allegedly injured while receiving a pedicure. The plaintiff notified the defendant of the accident approximately 11 months after it occurred, when it received the summons and complaint. The defendant disclaimed coverage on the ground that the plaintiff failed to provide it with timely notice of the occurrence, as was required by its insurance policy. The defendant argued that the nature of the injury was such that the plaintiff should have provided notice at or near the time of the occurrence. The Supreme Court denied the defendant's motion, searched the record, and awarded summary judgment to the plaintiff. We modify.

Compliance with a notice of occurrence provision in an insurance policy is a condition precedent to the insurance company's liability under the policy (*see Kaliandasani v Otsego Mut. Fire Ins. Co.,* 256 AD2d 310 [1998]; *Kim v Maher,* 226 AD2d 350 [1996]). Whether an insured has given timely notice of an occurrence depends on the particular facts and circumstances (*see Kaliandasani v Otsego Mut. Fire Ins. Co., supra*; *Kim v Maher, supra*). There are facts and circumstances, such as a good faith, reasonable belief in nonliability, that will excuse a delay in giving the required notice (*see Kaliandasani v Otsego Mut. Fire Ins. Co., supra*; *Kim v Maher, supra*). In such a case, notice is

timely if given promptly after the insured receives notice that a claim against it will, in fact, be made (*see E.T. Nutrition v Central Mut. Ins. Co.*, 201 AD2d 451 [1994]). The burden of demonstrating the reasonableness of such an excuse is on the insured (*see Kaliandasani v Otsego Mut. Fire Ins. Co., supra*; *Kim v Maher, supra*). There is a triable issue of fact as to whether the plaintiff provided the defendant with timely notice of the occurrence. Thus, the plaintiff should not have been awarded summary judgment. Florio, J.P., H. Miller, Ritter and Rivera, JJ., concur.