STATE OF MAINE                                    SUPERIOR COURT
                                                     CIVIL ACTION
YORK, ss.                                         DOCKET NO. CV-05-241


ALLSTATE INSURANCE COMPANY,

                    Plaintiff

          v.                                      **ORDER**

DAVID ZYSK, et al.,

                    Defendants


This case comes before the Court on Plaintiff Allstate Insurance Company's motion for summary judgment on the issue of whether it is required to indemnify David Zysk for a judgment entered against him in the York County Superior Court, *Alan Nagy and Gail Nagy v. David Zysk*, (Docket No. CV-04-076) (J. Fritzsche). Following hearing, the Motion is Granted.

### FACTUAL BACKGROUND

Allstate Insurance Company issued a homeowners insurance policy to David and Mary Zysk for their residence in Wells, Maine. The policy provided $100,000 in coverage for liability claims. The policy also contained a provision requiring the Zysks to promptly send Allstate any legal papers pertaining to an accident.

On November 6, 1999, Alan Nagy suffered injuries as a result of a fall from a ladder on David Zysk's property. At that time, Mr. Nagy was assisting Mr. Zysk with a construction project. On November 8, 1999, Mr. Zysk notified Allstate of the incident. Allstate conducted an investigation and concluded that the ladder was in good condition and that Mr. Nagy fell because he lost his balance.

On or about August 31, 2000, Allstate received a copy of a notice of claim by the Nagy's against Mr. Zysk. Allstate responded by declining to make any voluntary payments. The referenced letter to the Nagy's counsel included a request for a courtesy copy of the complaint in the event of a lawsuit. On March 9, 2004, Mr. Zysk was served with a summons and complaint by the Nagys. Mr. Zysk did not answer or otherwise respond to the referenced suit papers, and did not notify Allstate that he had been sued. While he had no obligation to do so, Allstate did not receive a courtesy copy of the summons and complaint from the Nagys' counsel.

On May 7, 2004, the Nagys requested and received a default judgment against Mr. Zysk. A hearing on damages was scheduled for September 9, 2004. Not until September 8, 2004, the eve of the damages hearing, was Allstate notified about this suit. Allstate retained an attorney to defend Mr. Zysk subject to its right to disclaim coverage because of the failure to provide timely notice of the suit. Allstate filed a motion to set aside the default judgment, which was denied by the Superior Court. That court then entered judgment for the Nagy's in the amount of $333,000. The Superior Court's decision to deny the motion to set aside the default judgment was subsequently upheld by the Law Court.

## DISCUSSION

In support of this motion, Allstate contends that it is relieved of its duty to indemnify Mr. Zysk in this matter because Mr. Zysk breached the policy by failing to notify Allstate of the impending lawsuit, and that Allstate was prejudiced by this notification delay. In response, Mr. Zysk contends that Allstate received sufficient notice of the lawsuit. Mr. Zysk contends that although he promptly notified Allstate of the initial accident, Allstate failed to monitor the Nagy claim and led Mr. Zysk to believe that Allstate had terminated its involvement in the matter. He explains that he

2

assumed the matter was concluded because an earlier complaint brought by the Nagys in 2003 was dismissed without prejudice. He further explains that during this time, he was experiencing many medical problems causing him to be forgetful, extremely anxious, and depressed.[1]

A moving party is entitled to summary judgment if the evidence demonstrates that there are no genuine issues of material fact and that the party is entitled to judgment as a matter of law. M.R. Civ. P. 56 (c); *In Re Estate of Davis*, 2001 ME 106, ¶ 7, 775 A.2d 1127, 1129. In order to survive summary judgment, Mr. Zysk must demonstrate evidence that, if produced at trial, would be sufficient to preclude a motion for a judgment as a matter of law. *Kenny v. Dep't of Human Services*, 1999 ME 158, ¶ 3, 740 A.2d 560, 562.

The only issue of fact argued by Mr. Zysk is whether Allstate received sufficient notice of the lawsuit. Mr. Zysk cites a number of cases from other jurisdictions to support his argument that, under the facts presented by both parties, this is a genuine issue of material fact in dispute which precludes summary judgment.[2]

Pursuant to Maine law, however, an insurer may be absolved of its duty to defend and indemnify when an insured delays in giving notice. *Ouellette v. Maine Bonding and Causalty*, 495 A.2d 1232, 1235 (Me. 1985). The insurer must demonstrate

---

[1] Mr. Zysk's affidavit states that he was extremely strained by this case because he and Mr. Nagy were good friends before the accident. He further states that he suffers from heart problems, lung problems, clinical depression, and is currently on a Methadone treatment program. The medications he takes, Methadone, Zoloft, and other medications make him extremely forgetful. He also went through a divorce, which exacerbated his depression.

[2] The following cases were cited by the Nagys in this order for the proposition that the reasonableness of an insured's failure to notify its insurer in a timely fashion is a question of fact. *Vanhaaren v. State Farm Mut. Auto. Ins. Co.*, 989 F.2d 10, 11 (1st Cir. 1993); *Jennings v. Horace Mann Mutual Ins. Co.*, 549 F.2d 1364, 1367 (10th Cir. 1997); *Wilson v. U.S. Fidelity & Guaranty Co.*, 633 P.2d 493, 496 (Colo. App., Division One 1981); *Galaxy Ins. Co. v. 1454 Nicholas Ave. Assocs.*, 276 A.D. 424 (Supreme Court of New York, Appellate Division, First Department, 2000); *Abner v. Great Northern Ins. Co.*, 308 F. Supp. 2d 331 (S.D.N.Y. 2004); *Kaliandasani v. Otsego Mut. Fire Ins. Co.*, 256 A.D. 2d 310, N.Y. S. 2d 323 (2d Dept. 1998).

that 1) the notice provision in the policy was breached, and 2) that the insurer was prejudiced by the insured's delay. *Id.* (the burden is on the insurer to demonstrate prejudice).

In this case, Mr. Zysk's policy required him to promptly send Allstate legal papers relating to the accident. (Policy, Section II(1)(b) Conditions, p. 34). It is undisputed that Mr. Zysk did not send Allstate legal papers concerning the 2004 lawsuit or inform Allstate that he had received a summons and complaint from the Nagys on March 9, 2004.

The next issue is whether Allstate was prejudiced by this delay. The Law Court has held that the notice requirement within the insurance code is an element of due process, meaning that the insurer must be provided with a meaningful opportunity to defend its interests.[3] *E.C. Night v. Maine Mutual Fire Ins. Co.*, 651 A.2d 838, 840 (Me. 1994) (interpreting 24-A M.R.S.A. § 2904); *Jacques v. American Home Ins. Co.*, 609 A.2d 719, 721 (Me. 1992) (holding that notice of proceeding after the entry of a final judgment by default affords no meaningful opportunity to defend).

In this case, it is clear that Allstate was not provided a meaningful opportunity to defend because it was notified of the lawsuit after a default judgment was entered. Allstate maintains that it had concluded in 2000 that Mr. Zysk was not negligent in the matter. As such, with proper notice of the 2004 complaint, Allstate would have had the

---

[3] 24-A M.R.S.A. § 2904. Judgment creditor may have insurance; exceptions

> Whenever any person, administrator, executor, guardian, recovers a final judgment against any other person for any loss or damage specified in section 2903, the judgment creditor shall be entitled to have the insurance money applied to the satisfaction of the judgment by bringing a civil action, in his own name, against the insurer to reach and apply the insurance money, if when the right of action accrued, the judgment debtor was insured against such liability *and if before the recovery of the judgment the insurer had had notice of such accident, injury or damage.* The insurer shall have the right to invoke the defenses described in this section in the proceedings.

4

opportunity to answer the complaint and provide a vigorous defense in this matter.

The entry will be as follows:

Plaintiff Allstate's motion for summary judgment is GRANTED.

Judgment for Allstate Insurance on its Declaratory Judgment claim.

Dated: July 11, 2006

G. Arthur Brennan
Justice, Superior Court

Martica S. Douglas, Esq. - PL
Jeffrey W. Langholtz, Esq. - DEFS. ALAN & GAIL NAGY
David Zysk - DEF. - Pro se

5