■ Surgical Sock Shop II, Inc., Appellant, v U.S. Under-
writers Insurance Company, Respondent. (And a Third-Party
Action.) [854 NYS2d 214]—

On December 11, 2002 the plaintiff in the underlying action,
who is the unserved third-party defendant in this action,
Shulamit Razla, who was pregnant, fell on the staircase leading
down to the premises of the plaintiff Surgical Sock Shop II, Inc.
in a building owned by the third-party defendant 59 Realty, Inc.
(hereinafter 59). It is undisputed that the plaintiff, through its
employees, became aware of the incident contemporaneously
with its occurrence or within a very short time thereafter. Razla
subsequently left the scene on her own. It is undisputed that at
the time of the incident, the plaintiff did not notify its carrier.

By letter dated March 3, 2003, Razla's attorney sent the
plaintiff a letter notifying it that he represented her in connec-
tion with the aforesaid incident and asking the plaintiff to
forward the letter to its carrier. On March 10, 2003 the plaintiff

apparently transmitted that letter and a cover letter to its insurance agency. The agency, in turn, on March 19, 2003 faxed the documents, and a notice of occurrence, to the defendant, the plaintiff's liability insurer. It is also undisputed that this was the first notice of the occurrence provided to the defendant. By letter dated May 16, 2003, the defendant affirmed its April 11, 2003 denial of coverage based on the plaintiff's failure to promptly notify it of the occurrence as required by its policy.

In February 2004 Razla commenced the underlying personal injury action against the plaintiff and 59. Shortly thereafter, the plaintiff commenced this action, inter alia, for a judgment declaring that the defendant was obligated to defend and indemnify it in the underlying personal injury action. The plaintiff subsequently moved for summary judgment in its favor. In response, the defendant cross-moved, inter alia, for summary judgment based upon the plaintiff's failure to timely notify it of the occurrence as required by the policy. The plaintiff opposed the cross motion, contending that its proof raised, at the least, a triable issue of fact as to whether any delay in notification was excusable based upon a reasonable nonbelief of any liability on its part. The Supreme Court denied the motion and granted the cross motion, finding, inter alia, that the plaintiff's nonbelief in its liability was not reasonable based upon the underlying circumstances. We now modify by also denying that branch of the defendant's cross motion which was for summary judgment.

In response to the defendant's prima facie showing that there was no reasonable basis for the plaintiff's belief as to its nonliability, the plaintiff raised a triable issue of fact. The affidavit of Rachel Posner, the plaintiff's former employee, showed the existence of a factual question as to whether the plaintiff's failure to immediately notify the defendant was reasonable. She averred that upon hearing a noise on the stairwell, she went out to investigate. Upon doing so, she discovered a woman (Razla) sitting on the steps above the landing. Upon Posner's inquiry as to whether she was all right and whether she required an ambulance, the woman answered she was all right but remained seated. After Posner brought her some water, she again stated she was all right, and after several minutes got up without assistance and left without entering the plaintiff's premises. Posner further averred that the person was not a regular customer, and was not known to her. This was sufficient, at the least, to show the existence of a factual question as to whether the plaintiff's belief in its nonliability was reasonable (*see D'Aloia v Travelers Ins. Co.*, 85 NY2d 825 [1995]; *Nails 21st Century Corp. v Colonial Coop. Ins. Co.*, 21 AD3d 1069, 1070-

1071 [2005]; *Kaliandasani v Otsego Mut. Fire Ins. Co.*, 256 AD2d 310 [1998]; *see also Jordan Constr. Prods. Corp. v Travelers Indem. Co. of Am.*, 14 AD3d 655 [2005]; *cf. Deso v London & Lancashire Indem. Co. of Am.*, 3 NY2d 127, 129-131 [1957]; *Paul Developers, LLC v Maryland Cas. Ins. Co.*, 28 AD3d 443 [2006]).

Razla testified at her deposition in the underlying personal injury action to a different factual scenario as to what happened. She claimed that after she fell she screamed "I am dying," "my baby is dead," and "help me," but that the women who came out of the plaintiff's premises did not want to touch her because of her condition, and that she was unable to move for 30 or 40 minutes. This testimony, if believed, would show that a belief by the plaintiff in its nonliability was not reasonable. Thus, because there is a factual question as to what occurred when Razla fell on the stairs, summary judgment should have been denied (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Mastro, J.P., Skelos, Florio and Dickerson, JJ., concur.