■ BEACH HAVEN APARTMENTS, No. 6, INC., Respondent, v

ALLCITY INSURANCE COMPANY, Appellant.—In an action for a judgment declaring that the defendant insurer is obligated to defend and indemnify the plaintiff insured in an underlying tort action, the defendant appeals from a judgment of the Supreme Court, Nassau County (Becker, J.), entered May 19, 1989, which declared that it is obligated to defend and indemnify the plaintiff and awarded the plaintiff $5,357.85 for attorney's fees expended on its behalf in the underlying tort action.

Ordered that the judgment is affirmed, with costs.

This appeal concerns a 22-month delay by the plaintiff in giving notice to the defendant insurer of an event for which it sought coverage.

On December 13, 1979, a tenant of a building owned by the plaintiff was raped and assaulted in the basement of that building. The manager of the building learned of the attack the day it occurred, but did not report it to the defendant insurer at that time. In October 1981, 22 months later, the tenant sued the plaintiff. The plaintiff promptly notified the defendant of the suit, seeking coverage. However, the defendant disclaimed coverage on the ground that the policy required notification of the attack "as soon as practicable", and notification 22 months after the occurrence was not "as soon as practicable".

The Supreme Court found that the plaintiff had a good-faith belief that it was not liable for the December 13, 1979, incident, which was reasonable under all the circumstances of the case, thereby excusing the 22-month delay in notifying its insurer. We agree.

Generally an insured's failure to comply with the requirements of an insurance policy vitiates the insurer's obligations (see, Security Mut. Ins. Co. v Acker-Fitzsimons Corp., 31 NY2d 436, 440). However, the insured's good-faith belief that it is not liable will excuse a failure to give timely notice if the belief is reasonable under all the circumstances of the case (see, Empire City Subway Co. v Greater N. Y. Mut. Ins. Co., 35 NY2d 8, 13). The record indicates that the plaintiff had never been sued civilly for damages incurred by the criminal acts of a third party before the instant case, and that such suits were relatively rare in 1979 when the attack occurred (see, e.g., Haines, *Landlords or Tenants: Who Bears the Cost of Crime?*, 2 Cardozo L Rev 299 [1980-1981]). The plaintiff's managing agent believed in good faith that the plaintiff could not be held liable in damages for a criminal attack on the tenant by

a third party. Under these circumstances, the plaintiff's belief that it was not liable was reasonable, and excused the delay in notifying the insurer.

Further, we must construe any ambiguities in the terms of the insurance contract against the defendant insurer (see, *United States Fid. & Guar. Co. v Annunziata,* 67 NY2d 229). We cannot say that the "average" person would have construed the term "occurrence" in the policy at bar to include the criminal acts of third parties (see, *Miller v Continental Ins. Co.,* 40 NY2d 675). This buttresses the conclusion that the plaintiff had a good-faith reasonable belief that it was not liable, and therefore its giving notice of the "occurrence" to the insurer as soon as a lawsuit was actually commenced was "as soon as practicable" (*Merchants Mut. Ins. Co. v Hoffman,* 56 NY2d 799, 801). Therefore, the defendant improperly denied coverage.

We have examined the defendant's remaining arguments and have found them to be without merit. Sullivan, J. P., Lawrence, Ritter and Santucci, JJ., concur.