88 N.Y.2d 836 (1996)
666 N.E.2d 1354
644 N.Y.S.2d 481
In the Matter of Firemen's Fund Insurance Company of Newark, Appellant,
v.
John Hopkins, Jr., Respondent.
Court of Appeals of the State of New York.
Argued March 19, 1996.
Decided April 30, 1996.
Alio & Ronan, Melville (Carol Simonetti of counsel), for appellant.
Wallace & Witty, P. C., Bay Shore (Jason F. Zimmerman of counsel), for respondent.
Chief Judge KAYE and Judges SIMONS, TITONE, BELLACOSA, SMITH, LEVINE and CIPARICK concur.
MEMORANDUM.
The order of the Appellate Division should be affirmed, with costs.
*837 Respondent John Hopkins, Jr., sustained serious injuries in a July 23, 1989 accident involving a friend's car in which he was a passenger. The accident allegedly occurred when an unknown individual took control of the vehicle by force and caused it to collide with other automobiles. On June 4, 1992, almost three years after the accident, respondent notified petitioner Firemen's Fund Insurance Company that he intended to bring an uninsured motorist's claim under his father's policy on the ground that the vehicle in question had been stolen at the time of the accident and was thus uninsured. Petitioner sent letters on two occasions requesting respondent to provide details concerning the accident and account for the three-year delay in making the claim. On October 5, 1992, respondent provided petitioner with the requested information concerning the accident, but offered no explanation for the delay. Petitioner did not respond, and respondent served petitioner with a notice of intention to arbitrate his claim.
Petitioner commenced this CPLR article 75 proceeding on February 8, 1993 seeking to permanently stay arbitration on the sole ground that respondent failed to give written notice of his claim "within 90 days or as soon as practicable," as required by the New York State Automobile Accident Indemnification Endorsement. Supreme Court granted petitioner's application to permanently stay arbitration. The Appellate Division, with two Justices dissenting, reversed on the law, dismissed the petition, and directed the parties to proceed to arbitration.
An insurer must give written notice of disclaimer on the ground of late notice "as soon as is reasonably possible after it first learns of the accident or of grounds for disclaimer of liability," and failure to do so "precludes effective disclaimer" (Hartford Ins. Co. v County of Nassau, 46 N.Y.2d 1028, 1029; see, Allstate Ins. Co. v Gross, 27 N.Y.2d 263). An unexplained delay of two months in disclaiming liability for late notice has been held unreasonable as a matter of law (see, Hartford Ins. Co. v County of Nassau, supra).
Petitioner here should have been aware that the claim was untimely upon respondent's first notification in June 1992. Petitioner never sent any notice of disclaimer and the only communication of its intent to disclaim was contained in the February 1993 petition to stay arbitration, nearly eight months after petitioner first received notice of the accident, and four months after it received the complete record. Thus, as a matter *838 of law, petitioner failed to furnish timely notice of disclaimer. Petitioner's attorney's averment that respondent's claim was denied on November 11, 1992 lacks any evidentiary support in the record. Petitioner's remaining arguments are unpreserved.
Order affirmed, with costs, in a memorandum.