■ UNITED STATES FIDELITY AND GUARANTY Co., Appellant, v FRANKLIN WEIRI et al., Respondents. [696 NYS2d 200] —In an action, *inter alia,* for a judgment declaring that the plaintiff has no duty to defend and indemnify the defendant Franklin Weiri in an action entitled *Nyugen v Weiri,* pending in the Supreme Court, Queens County, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Golia, J.), dated July 13, 1998, as denied its motion for summary judgment on the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The motion for summary judgment was properly denied. The Supreme Court correctly found that although the defendant Franklin Weiri failed to provide his insurer, the plaintiff United States Fidelity and Guaranty Co. (hereinafter USF&G), with timely notice of the occurrence which is the basis of the underlying action against him (*see, Rushing v Commercial Cas. Ins. Co.,* 251 NY 302; *Quinlan v Providence Wash. Ins. Co.,* 133 NY 356; *Reina v United States Cas. Co.,* 228 App Div 108, *affd*

256 NY 537), USF&G's unexplained delay of almost six months in disclaiming coverage was unreasonable as a matter of law (*see, Matter of Firemen's Fund Ins. Co. v Hopkins,* 88 NY2d 836; *Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028). However, because the underlying action does not involve death or bodily injury, USF&G's untimely disclaimer of coverage will be given effect unless Weiri can demonstrate prejudice as a result of the unreasonable delay in disclaiming coverage (*see, Incorporated Vil. of Pleasantville v Calvert Ins. Co.,* 204 AD2d 689, 690; *Greater N. Y. Sav. Bank v Travelers Ins. Co.,* 173 AD2d 521). A triable issue of fact exists as to whether Weiri suffered prejudice as a result of the unexplained delay of USF&G in disclaiming coverage. Bracken, J. P., Thompson, Goldstein and McGinity, JJ., concur.