U.S. UNDERWRITERS INSURANCE COMPANY, Plaintiff,

v.

A & D MAJA CONSTRUCTION, INC., S.S. Morgan & Co., Inc., 25 Avenue C, LLC, Morningstar Tabernacle Church, Inc., and Commercial Union Insurance Company, as subrogee of Morningstar Tabernacle Church, Inc., Defendants.

No. 00 Civ. 2263(TPG).

United States District Court, S.D. New York.

March 30, 2001.

---

## OPINION

GRIESA, District Judge.

In this action plaintiff U.S. Underwriters Insurance Company seeks a declaratory judgment. The action pertains to a liability policy U.S. Underwriters issued to defendant A & D Maja Construction, Inc., on which defendants S.S. Morgan & Co., Inc. and 25 Avenue C, L.L.C. were additional insureds. Morningstar Tabernacle Church suffered property damage and was indemnified by its insurance company, defendant Commercial Union Insurance Company. Commercial Union, as subrogee of Morningstar, has brought an action in this court against Maja, Morgan and 25

Avenue C, *Commercial Union Ins. Co. v. S.S. Morgan & Co., Inc., et al,* (99 Civ. 11724) (TPG), to recover the amount paid to Morningstar.

In the present action U.S. Underwriters is seeking a declaration that it is not liable to defend or indemnify its insureds, Maja, Morgan or 25 Avenue C. It is also suing Morningstar and Commercial Union, as subrogee of Morningstar. Although Morningstar was not one of U.S. Underwriters' insureds, Morningstar might potentially have a claim against U.S. Underwriters for damage caused by the latter's insureds. Consequently, U.S. Underwriters seeks a declaration that it has, in fact, no liability to Morningstar or its subrogee, Commercial Union.

Morgan moves for summary judgment. Commercial Union makes a separate motion for summary judgment largely joining in Morgan's arguments. Defendant 25 Avenue C has filed a letter joining in Morgan's motion for summary judgment. Plaintiff U.S. Underwriters opposes defendants' motions for summary judgment, and cross-moves for summary judgment against all defendants.

The motions of the three defendants for summary judgment are denied. The motion of U.S. Underwriters for summary judgment is granted.

### Facts

U.S. Underwriters, Morgan and Commercial Union have each submitted a statement of undisputed facts, pursuant to Local Civil Rule 56.1. The following facts are taken from these statements and are not in dispute.

This action revolves around damage caused by construction work performed in the vicinity of 25 Avenue C in New York City. 25 Avenue C Realty, the owner of the site, engaged Morgan as general contrac-tor to perform certain construction work at the site. On November 19, 1998, Morgan subcontracted with Maja to perform excavation work at the site. The subcontract with Maja required Maja to maintain liability insurance of $2,000,000 and to indemnify Morgan and 25 Avenue C against any claim arising from its work.

On March 19, 1998, prior to the commencement of Maja's excavation work, U.S. Underwriters issued to Maja an insurance policy, affording Maja commercial general liability coverage for the period of March 17, 1998 through March 18, 1999. Morgan and 25 Avenue C were named as additional insureds under the policy. The policy provided, in pertinent part, that the insured "must see to it that we are notified as soon as practicable of an 'occurrence' or an offense which may result in a claim."

In December of 1998, Maja commenced excavation at the site. Shortly thereafter, cracks began to appear in the walls of a nearby church building owned by Morningstar Tabernacle Church, Inc. Morgan's principal, Yahya Sarraf, discussed the damage with Morningstar's pastor Abner Rosario. The two signed an agreement on February 16, 1999 pursuant to which Morgan would repair the damage to the church walls at Morgan's expense. On February 22, 1999, Morgan conducted emergency bracing and reinforcement of the wall.

Sometime later, additional damage to the church building was discovered, and Rosario notified the New York City Department of Buildings. A New York City building inspector determined that the building was structurally unstable in its damaged condition and told Rosario that it could not be used until repairs were made to the damaged foundation and the wall. As a result, on April 13, 1999, a Summons, Complaint and Order to Show Cause was served upon Morgan in an action in Supreme Court, New York County. *Morn-*

*ingstar Tabernacle Church, Inc. v. 25 Avenue C Realty, L.L.C. and S.S. Morgan & Co., Inc.* The application to enjoin 25 Avenue C and Morgan from performing further excavation and construction at the premises was successfully opposed, and the action was later discontinued in July 1999.

In the meantime, Morningstar incurred repair and related expenses of $262,635. At the time, Morningstar was insured by Commercial Union which paid $262,635 to Morningstar to cover this loss.

On April 27, 1999 Morgan's agent sent Maja as well as Maja's insurance broker, DMAS, Inc., a letter advising that a claim had been asserted against Morgan arising out of the damages to Morningstar's property. The letter was not addressed to U.S. Underwriters, but directed Maja and DMAS to "forward this letter to your liability carrier for handling." The letter was not forwarded to U.S. Underwriters. On July 8, 1999 a second letter, containing the same information, was sent to Maja and DMAS. As before, the letter was not addressed to U.S. Underwriters, but the recipients were asked to forward the letter. On July 14 or 15, 1999, DMAS notified U.S. Underwriters of the claim against Morgan concerning the damage to Morningstar's property.

U.S. Underwriters argues that because it was not timely notified of the occurrence, it is not obligated to defend or indemnify against the loss. Morgan and Commercial Union argue that notice was timely under the circumstances. Morgan and Commercial Union further argue that because U.S. Underwriters' disclaimer of coverage was untimely, U.S. Underwriters waived its objection to the timeliness of the notification.

The action by Commercial Union as subrogee of Morningstar was commenced on December 2, 1999. *Commercial Union*

*Ins. Co. v. S.S. Morgan & Co., et al.* (99 Civ. 11724) (TPG).

On January 10, 2000 U.S. Underwriters sent Maja a Reservation of Rights letter. Pursuant to this letter U.S. Underwriters has provided representation to Maja in the subrogation action brought by CU. However, the letter reserved the right to disclaim coverage as to Maja.

On March 24, 2000 U.S. Underwriters commenced the present action in which it asserts that it is not liable to indemnify its insureds—Maja, Morgan and 25 Avenue C. In the action U.S. Underwriters also asserts that it has no liability to Morningstar or to Commercial Union as the subrogee of Morningstar.

*Discussion*

*Timeliness of Notice*

 It is well settled that an insurer is not obligated to pay for the loss of its insured in the absence of timely notice in accordance with the terms of the policy. *Security Mutual Ins. Co. of New York v. Acker-Fitzsimons Corp.,* 31 N.Y.2d 436, 340 N.Y.S.2d 902, 293 N.E.2d 76 (1972). The requirement of timely notice allows the insurer the opportunity to promptly investigate the occurrence so as to protect itself from fraud and to provide an adequate reserve fund. *Power Authority of the State of New York v. Westinghouse Electric Corp.,* 117 A.D.2d 336, 502 N.Y.S.2d 420, 422 (1st Dept.1986). The right of an insurer to receive notice is so fundamental that the insurer need not show prejudice to be able to disclaim liability on this basis. *Id.,* 502 N.Y.S.2d at 423. New York courts have held that the question of whether notice was given within a reasonable time may be determined as a matter of law when (1) the facts bearing on the delay in providing notice are not in dispute and (2) the insured has not offered

a valid excuse for the delay. *State of New York v. Blank*, 27 F.3d 783, 795 (2d Cir. 1994).

■ A provision that notice be accorded "as soon as practicable" requires that notice be given within a reasonable time under the circumstances. *Security Mutual*, 340 N.Y.S.2d at 906, 293 N.E.2d 76. The insured bears the burden of demonstrating that the delay in question was reasonable. *Id.* It has been routinely held that, under New York law, an unexcused delay of one to two months in notifying the insurer is unreasonable as a matter of law. *American Ins. Co. v. Fairchild Indus., Inc.*, 56 F.3d 435, 440 (2d Cir.1995). The insured's good-faith belief that it is not liable may excuse a failure to give timely notice if the belief is reasonable under all the circumstances. *Beach Haven Apts., No. 6 v. Allcity Ins. Co.*, 182 A.D.2d 658, 581 N.Y.S.2d 689, 690 (2d Dept.1992).

■ In this case, Morgan has provided two excuses for the delay in notifying U.S. Underwriters. First, it states that it had a good-faith belief in nonliability, since it repaired the church walls pursuant to an amicable agreement. Second, Morgan states that it sent notice on April 27, 1999 to DMAS requesting that DMAS forward such notice to U.S. Underwriters. Neither of these excuses is valid.

As of February 1999, at the time of the agreement to repair, Morgan may have thought that it would not be sued. However, notice was required of an "occurrence ... which may result in a claim." Also, Morgan was actually sued on April 13, 1999 in the state court.

■ The second excuse, that notice was sent to DMAS as early as April, 1999 at the time of the filing of the state court action, is likewise without merit. Notice to the broker is not considered notice to the insurer. *Shaw Temple A.M.E. Zion Church v. Mount Vernon Fire Ins. Co.*, 199 A.D.2d 374, 605 N.Y.S.2d 370, 371 (2d Dept.1993).

■ The court holds that the notice of Morgan to U.S. Underwriters was untimely as a matter of law. This is true whether the construction damage itself is deemed to be the "occurrence" or whether the suit that was filed on April 13, 1999 was the occurrence. Morgan did not take the required steps to give U.S. Underwriters timely notice, and U.S. Underwriters only received notice from the broker on July 14 or 15, 1999. This was too late as a matter of law.

25 Avenue C gave no separate notice of its own, and relied on the efforts of Morgan to give notice. It is clear that, as a matter of law, 25 Avenue C failed to give the timely notice that was required.

■ Commercial Union is the insurer of Morningstar and is subrogated to Morningstar's rights. Morningstar, as an injured party, had potential rights against U.S. Underwriters, the insurer of Maja, Morgan and 25 Avenue C. In order to assert any rights of Morningstar against U.S. Underwriters, Commercial Union was required to give timely notice to U.S. Underwriters. It gave no such notice on its own, but relied on the efforts of Morgan to give notice. However, Morgan failed to give timely notice. It is clear that, as a matter of law, Commercial Union failed to give the timely notice that was required.

*Timeliness of Disclaimer*

Morgan and 25 Avenue C argue that U.S. Underwriters waived the late-notice defense because U.S. Underwriters' disclaimer of coverage was not timely. Commercial Union makes no claim of untimely disclaimer. As noted, U.S. Underwriters received notice on July 14 or 15, 1999. U.S. Underwriters sent its Reservation of

Rights letter to Maja on January 10, 2000. However, this simply reserved the right to disclaim coverage, and pertained only to Maja. The actual disclaimer of coverage as to all defendants did not occur until the filing of the present action on March 24, 2000.

 An insurer is presumed to be aware of the untimeliness of notice as a ground for disclaimer of liability upon first receiving such notice. *Firemen's Fund Ins. Co. of Newark v. Hopkins*, 88 N.Y.2d 836, 644 N.Y.S.2d 481, 482, 666 N.E.2d 1354 (1996). An insurer must provide written notice of disclaimer on the ground of late notice "as soon as is reasonably possible after it first learns of the accident or of grounds for disclaimer of liability." *Hartford Ins. Co. v. County of Nassau*, 46 N.Y.2d 1028, 416 N.Y.S.2d 539, 540, 389 N.E.2d 1061 (1979). An unexplained delay of two months in disclaiming liability for late notice has been held unreasonable as a matter of law. *Id.* However, if the underlying action does not involve death or bodily injury, the untimely disclaimer will be given effect unless the insured can demonstrate prejudice resulting from the unreasonable delay. *United States Fidelity and Guaranty Co. v. Weiri*, 265 A.D.2d 321, 696 N.Y.S.2d 200, 201 (2d Dept.1999).

It might well be that U.S. Underwriters would be considered late in disclaiming coverage. The actual disclaimer as to all defendants did not occur until the filing of this suit on March 24, 2000. However, neither Morgan nor Commercial Union have submitted to the court any evidence of prejudice. Therefore, there is no basis, on the present record, to make a summary judgment ruling in favor of Morgan or 25 Avenue C on the issue of timeliness of disclaimer.

### Conclusion

The motions of Morgan, 25 Avenue C and Commercial Union for summary judg-ment are denied. The motion of U.S. Underwriters for summary judgment is granted.

U.S. Underwriters will settle an appropriate judgment.

SO ORDERED.