■ BENJAMIN SHAPIRO REALTY COMPANY, Respondent-Appellant, v AGRICULTURAL INSURANCE COMPANY, Appellant-Respondent, KSH GROUP, INC., Respondent, and BARKLEY COVERAGE GROUP, Respondent. [731 NYS2d 453] —Order, Supreme Court, New York County (Marilyn Shafer, J.), entered December 5, 2000, which, *inter alia*, in an action arising out of a claim for insurance proceeds, granted plaintiff claimant Shapiro Realty's cross motion for summary judgment on its cause of action for breach of policy, and granted defendant insurer's cross motion for summary judgment insofar as to dismiss plaintiff's cause for bad faith claim settlement, unanimously affirmed, with costs.

The motion court properly concluded that insurer Agricultural had waived its defense of lack of timely notice. A notice of disclaimer must provide a claimant with a very specific ground upon which the disclaimer is predicated (*General Acc. Ins. Group v Cirucci*, 46 NY2d 862, 864). A ground not raised in the letter of disclaimer may not later be asserted as an affirmative defense (*id.*). Here, in its answer, the insurer asserted in a defense that "plaintiff did not notify [the insurer] as soon as practicable of the alleged occurrence which is the basis of the claim referred to in the complaint," namely the "occurrence" (the collapse) on August 9, 1995. However, in its disclaimer, a different lack of notice argument was made. The disclaimer stated that "you did not promptly notify us of the claimed damage to the slab. It appears that the conditions associated with the slab antedated inception of [the policy] by several years." The disclaimer letter did not discuss the occurrence of a "collapse"; rather, it talked about slab conditions that were "of long duration." The insurer's failure to disclaim based on late notice of the "collapse" renders the underlying issue of timeliness of notification irrelevant.

The insurer failed to rebut the showing of the insured's engineering expert, who concluded, based on personal observations and the results of a lab test, that the collapse resulted from "hidden decay" and thus was covered by the policy.

The IAS court's conclusions about the extent of the coverage were proper. The chunk of concrete slab that actually fell is obviously covered, since the policy states that "we will pay for loss or damage caused by * * * collapse of * * * *any part of a building* caused [by] hidden decay" (emphasis added). In light of the insured's contractual duty to "take all reasonable steps

to protect the covered property from further damage by a covered cause of loss," the insured is entitled to reimbursement for the costs of demolishing and repairing that were incurred with respect to the remainder of the concrete slab (*Royal Indem. Co. v Grunberg*, 155 AD2d 187, 189-190).

Summary judgment dismissing plaintiff's cause of action for bad faith claim settlement was proper (*see, Acquista v New York Life Ins. Co.*, 285 AD2d 73).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Rosenberger, J. P., Williams, Mazzarelli, Rubin and Buckley, JJ.