■ NATIONAL RESTAURANTS MANAGEMENT, INC., et al., Appellants, v EXECUTIVE RISK INDEMNITY, INC., Respondent. [758 NYS2d 624] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered March 25, 2002, which, in an action by plaintiffs-appellants, a corporation and its president, for breach

of a directors and officers liability policy and seeking reimbursement of attorneys' fees incurred and the settlement paid in an underlying action, granted defendant insurer's motion to dismiss the complaint and denied plaintiffs' cross motion for partial summary judgment on their cause of action for attorneys' fees, unanimously affirmed, with costs.

The underlying action was brought by shareholders in plaintiff corporation and alleged that plaintiffs participated in a scheme to secure the shareholders' stock for little or no consideration and convey it to plaintiff president. The instant action is the result of defendant insurer's refusal to defend plaintiffs against this claim. While the disclaimer was based on the fact that the underlying action sought only injunctive relief, not money damages, it also included an express reservation of the right to subsequently disclaim on different or alternative grounds as might later be found applicable. After plaintiffs were served with an amended complaint and cross claim seeking damages, defendant initially indicated that it would provide a defense subject to a continuing reservation of rights, but ultimately disclaimed on the basis of the policy's securities exclusion. Such exclusion applies to any claim "in any way involving any actual or alleged violation of" federal laws or rules regulating securities, state Blue Sky laws, or "any provision of the common law imposing liability in connection with the offer, sale or purchase of securities." Defendant's disclaimer was based on the common-law provision.

Since defendant at all relevant times expressly reserved its right to disclaim, neither its initial disclaimer on a different ground from that ultimately invoked, nor its later qualified acknowledgment of coverage, entitles plaintiffs to recover the defense costs they incurred up until the time that defendant finally invoked the securities exclusion (*see Schiff Assoc. v Flack*, 51 NY2d 692, 699 [1980]). Nor is such exclusion, which applies to "any" claim that "in any way" involves the "offer, sale or purchase of securities," ambiguous in its applicability to private as well as public securities. In the latter regard, we also note, as did the IAS court, that federal securities laws have been construed to apply to transactions in shares of close as well as publicly held corporations (*see Golden v Garafalo*, 678 F2d 1139 [1982]). Plaintiffs' additional claim that they are entitled to coverage because the underlying action involved a "foreclosure" or "transfer," rather than an "offer, sale or purchase" of plaintiff corporation's securities was properly rejected by the IAS court on the ground that any transfer of the stock would necessarily have been preceded by its offer and

acceptance. Concur—Tom, J.P., Mazzarelli, Ellerin and Lerner, JJ.