■ BRIDGET BURGOS et al., Respondents, v METRO-NORTH COMMUTER RAILROAD et al., Respondents, and ALLRIGHT PARKING MANAGEMENT, INC., et al., Appellants. [836 NYS2d 76]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered October 26, 2006, which denied defendants-appellants' motion for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and appellants' motion granted. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint and all cross claims as against them.

Plaintiff sustained injuries when she fell on ice at the entrance to a parking payment kiosk at defendant Metro-North's Garrison railroad station. Metro-North had contracted with appellants to operate the parking facilities at various of its stations, including the one at Garrison. We disagree with the motion court that the contract between appellants and Metro-North is ambiguous as to whether appellants were responsible for snow removal at the entrance to the kiosk. First, the provision governing maintenance and repair, which includes removal of snow and ice, refers to "all station parking facilities [described as located 'adjacent to or in the vicinity' of the station], all striping and improvements thereat, and any pavement," and does not refer to the payment kiosk or the sidewalk outside it. The words striping and pavement clearly signify, respectively, the painted lines found in a parking lot and the ground on which vehicles travel. Second, the provision that specifically covers "snow and ice removal," while making no express references to the sidewalk, the payment kiosk or any other defined area, does direct that "[p]lowing shall be performed on a best effort basis to preserve maximum bay width at not less than 55' and maximum aisle width at not less than 21'[, and that appellants] shall work to preserve the maximum number of spaces." A reasonable understanding of this direction, and the associated references to bay width and aisle, is that appellants' obligation was to plow the parking lot, and only the parking lot.

Appellants' obligations to maintain the parking payment machines and collect parking revenue are clearly separate and distinct from their snow removal duties, and did not create a duty to clean snow either in the payment kiosk or around it.

Even were the contract ambiguous, extrinsic evidence of how

the parties have operated under the agreement since its 1996 inception demonstrates that Metro-North's employees understood that it was their responsibility to clean snow and ice not only from the platform itself, the stairs leading to the platform, and the walkways along the parking lot, but also from inside the payment kiosk and the sidewalk immediately outside it. Moreover, any ambiguity must be construed against Metro-North, the drafter of the contract (*Jacobson v Sassower*, 66 NY2d 991, 993 [1985]). Concur—Tom, J.P., Mazzarelli, Sullivan, Gonzalez and McGuire, JJ.