■ GOPAL AGRAWAL et al., Appellants, v METROPOLITAN LIFE INSURANCE COMPANY, Respondent. [932 NYS2d 72]—

The decedent, plaintiffs' mother, represented in her application to obtain life insurance from defendant that she did not have diabetes or any in-force insurance other than a policy issued previously by defendant. She also made representations as to her net worth. After a lengthy investigation, defendant determined that the decedent had misrepresented her medical

history, her in-force insurance and her net worth. However, in its repudiation letters, sent after the completion of its investigation, defendant based its denial of payment on the sole ground of the decedent's misrepresentation of her net worth.

To the extent defendant relies on the figure of $5 million to $6 million in support of its assertion that the decedent misrepresented her net worth, its reliance is misplaced. The figure of $5 million to $6 million was not included in the insurance application and therefore cannot be considered (*see* Insurance Law § 3204 [a]; *Tannenbaum v Provident Mut. Life Ins. Co. of Phila.*, 53 AD2d 86, 104-105 [1976], *affd* 41 NY2d 1087 [1977]). There is no dispute that the decedent satisfied the $500,000 net worth valuation asserted in her application.

Defendant's failure to assert the other defenses in its initial repudiation constitutes a waiver of those defenses for purposes of denying liability under the policies (*Estee Lauder Inc. v OneBeacon Ins. Group, LLC*, 62 AD3d 33, 35 [2009]). Concur—Sweeny, J.P., DeGrasse, Manzanet-Daniels and Román, JJ. **[Prior Case History: 2010 NY Slip Op 31874(U).]**