Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered February 2, 2012, which, insofar as appealed from as limited by the briefs, upon renewal, granted so much of defendants-respondents insurers’ motions for summary judgment as sought a declaration that defendant-respondents have no duty to defend or indemnify plaintiffs regarding environmental damage claims on the Bay Shore manufactured gas plant site, due to plaintiffs’ failure to provide timely notice under the respective policies, but denied the motions as to the Hempstead site, unanimously modified, on the law, to deny the motions as to the Bay Shore site, vacate the declaration, and otherwise affirmed, without costs.
The record evidence establishes, as a matter of law, that Long Island Lighting Company failed to satisfy its obligation under the subject policies to give notice upon the happening of an occurrence “reasonably likely” to reach the excess insurance policies involving environmental contamination at both the Bay Shore and Hempstead manufactured gas plant sites (see Long Is. Light. Co. v Allianz Underwriters Ins. Co., 24 AD3d 172 [1st Dept 2005], appeal dismissed 6 NY3d 844 [2006]).
However, summary judgment declaring that defendant insurers have no duty to defend or indemnify plaintiffs as a result of this late notice is premature because issues of fact remain as to whether defendants waived their right to disclaim coverage based on late notice. Defendant insurers’ reservation of rights, which specifically reserved, among other things, the defense of late notice, and sought additional information, did not preclude the finding of waiver due to failure to timely issue a disclaimer. Here, additional information was provided such that a jury could *582 determine that the insurers possessed sufficient knowledge to require that they meet the obligation to issue a written notice of disclaimer on the ground of late notice as soon as reasonably possible after first learning of the accident or of grounds for disclaimer of liability (see Matter of Firemen’s Fund Ins. Co. of Newark v Hopkins, 88 NY2d 836, 837 [1996]). Contrary to the finding of the court below, issues of fact exist as to whether sufficient information was provided to insurers in 1995 such that their subsequent failure to issue a notice of disclaimer on the grounds of late notice, until raising it as a defense in their answers filed in 1997, resulted in a waiver (cf. Estee Lauder Inc. v OneBeacon Ins. Group, LLC, 62 AD3d 33, 35 [1st Dept 2009]). Concur — Gonzalez, EJ., Sweeny, Renwick and ManzanetDaniels, Román JJ. [Prior Case History: 2012 NY Slip Op 30258(U).]