(May 14, 2013)

■ 20-35 86TH STREET REALTY, LLC, Appellant, v TOWER INSURANCE COMPANY OF NEW YORK, Respondent. [965 NYS2d 412]—

Order, Supreme Court, New York County (Debra A. James, J.), entered April 17, 2012, which granted defendant's motion to dismiss the complaint to the extent of staying the action pending the determination of the criminal case against the alleged arsonist, and denied plaintiff's motion to dismiss the second, third, fourth, fifth and sixth affirmative defenses, unanimously modified, on the law, to grant plaintiff's motion as to the second, third and sixth affirmative defenses, and to vacate the stay, and otherwise affirmed, without costs.

Plaintiff building owner seeks a judgment declaring that defendant has an obligation to defend and indemnify it in connection with a building fire that, inter alia, left several people dead or injured. Following a police and fire department investigation, an individual was arrested and indicted on charges of, inter alia, arson in the fourth degree and assault in the first and second degrees. Defendant disclaimed coverage under the liability insurance policy it issued to plaintiff on the ground that plaintiff's claims apparently involved bodily injury arising from an assault or battery committed by the accused arsonist and that the insurance does not apply to bodily injury arising from assault and/or battery or any act or omission in connection with any assault and/or battery. The motion court stayed this action pending determination of the criminal action on the ground that that determination is necessary to a determination of the applicability of the assault and battery exclusion to plaintiff's claims.

Civil assault and battery are intentional acts, and the assault offenses with which the accused arsonist is charged do not include the intent to harm a specific individual (*compare* PJI 3:2 [assault] *and* 3:3 [battery], *with* Penal Law § 120.10 [4] [assault in the first degree] *and* § 120.05 [6] [assault in the second degree]). Thus, assuming that the insurance policy exclusion is triggered by civil, rather than criminal, assault or battery, the critical inquiry is whether the accused arsonist, in allegedly causing the fire, intended to harm any occupant of the building. Although the determination of the criminal action is therefore not necessary to a determination of the application of the exclusion, the criminal trial may shed light on the accused arsonist's motives, including whether he intended to harm anyone inside the building. In any event, the criminal trial may enable defendant to obtain access to evidence and witnesses that will assist in

determining whether the exclusion applies. Based on representations made at oral argument, the criminal trial has been concluded and, thus, the stay should be lifted.

In light of the foregoing, the motion court correctly denied plaintiff's motion to dismiss the affirmative defenses based on the assault and battery exclusion and the lack of bodily injury caused by an accident or occurrence. However, defendant did not refer in its disclaimer of coverage to a failure to comply with the policy terms or a failure to cooperate, and those grounds may not be asserted as affirmative defenses (*see* Insurance Law § 3420 [d]; *Benjamin Shapiro Realty Co. v Agricultural Ins. Co.*, 287 AD2d 389 [1st Dept 2001]). Defendant's recourse for an insufficiently specific complaint was to move under CPLR 3024 (a) for a more definite statement or to amend its answer as of right under CPLR 3025, within 20 days after service of the answer, or, after 20 days, move for leave to amend. Defendant may not override the statute by reserving a right to amend in its answer. Concur—Andrias, J.P., Saxe, Freedman and Román, JJ.