■ ESTEE LAUDER INC., Appellant, v ONEBEACON INSURANCE GROUP, LLC, et al., Respondents. [13 NYS3d 415]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered February 10, 2015, which, to the extent appealed from, granted defendants' (OneBeacon) motion for leave to amend their answer to reassert an affirmative defense of late notice, unanimously reversed, on the law, with costs, and the motion denied.

OneBeacon waived its right to assert the affirmative defense of late notice when it failed to raise that ground in its letter of

disclaimer to plaintiff. We made this finding in a prior appeal in this case (62 AD3d 33, 35 [1st Dept 2009]), and it remains law of the case. *KeySpan Gas E. Corp. v Munich Reins. Am., Inc.* (23 NY3d 583 [2014]) does not alter this result. There, the Court of Appeals stated that *"[t]o the extent Estee Lauder Inc. v OneBeacon Ins. Group, LLC* (62 AD3d 33 [1st Dept 2009]) . . . and other Appellate Division cases hold that Insurance Law § 3420 (d) (2) applies to claims not based on death and bodily injury, those cases were wrongly decided and should not be followed" (*id.* at 590 n 2 [citations omitted and emphasis added]). Our case did not so hold. The opinion states at the outset that "[t]he resolution of this appeal turns on whether OneBeacon waived its right to disclaim coverage on the ground that plaintiff failed to give it timely notice of certain claims against plaintiff" (62 AD3d at 34). It then finds that "[n]either in the July 24 nor the November 1 letter [rejecting plaintiff's claims] did OneBeacon ever assert that Lauder had failed to give timely notice of a claim or occurrence, let alone disclaim coverage on the ground of such a failure by Lauder" (*id.*). It notes that under New York law, "an insurer is deemed, as a matter of law, to have intended to waive a defense to coverage where other defenses are asserted" and the insurer knows of "the circumstances relating to its defense of untimely notice" (*id.* at 35), and states that OneBeacon did not dispute that it had such knowledge long before it sent the 2002 letters (*id.* at 36). Thus, in a matter involving property damage claims, we relied on the common law for the proposition that "[a] ground not raised in the letter of disclaimer may not later be asserted as an affirmative defense" (*Benjamin Shapiro Realty Co. v Agricultural Ins. Co.*, 287 AD2d 389, 389 [1st Dept 2001]). Concur—Friedman, J.P., Andrias, Saxe, Richter and Gishe, JJ.