By Design LLC v Samsung Fire & Mar. Ins. Co. Ltd. (U.S. Branch) (2019 NY Slip Op 05076)





By Design LLC v Samsung Fire & Mar. Ins. Co. Ltd. (U.S. Branch)


2019 NY Slip Op 05076


Decided on June 25, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 25, 2019

Renwick, J.P., Manzanet-Daniels, Webber, Oing, JJ.


652412/16 -9707 9706 9705

[*1]By Design LLC, Plaintiff-Respondent,
v
Samsung Fire & Marine Insurance Co. Ltd. (U.S. Branch), et al., Defendants-Appellants.


Fleischner Potash LLP, New York (William M. Billings of counsel), for appellants.
Reed Smith LLP, New York (Brian A. Sutherland of counsel), for respondent.



Orders, Supreme Court, New York County (Charles E. Ramos, J.), entered December 28, 2018, and December 5, 2018, which, inter alia, granted plaintiff's motion for partial summary judgment declaring that it is entitled to coverage under the insurance policy issued by defendant Samsung Fire & Marine Insurance Co. Ltd. (U.S. Branch) for merchandise destroyed in a warehouse fire, and ordered defendants to pay plaintiff a sum in excess of $2 million, plus prejudgment and postjudgment interest, costs and disbursements, and denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered December 6, 2018, unanimously dismissed, without costs, as academic. Appeal from November 13, 2018 transcript, unanimously dismissed, without costs, as taken from a non-appealable paper.
The policy's "Consolidation, Deconsolidation & Containerization" (CD & C) clause provides, "Notwithstanding anything contained elsewhere herein to the contrary . . ., the insurance provided hereunder shall cover goods while on premises of . . . warehousemen . . . for the purpose of consolidation, deconsolidation, containerization, decontainerization, distribution, redistribution . . . after discharge from overseas vessel . . . for a period not exceeding 45 . . . days after arrival at such premises." The plain language of this clause means that the coverage afforded under it is distinct from coverage for goods in long-term storage at a warehouse (see Gilbane Bldg. Co./TDX Constr. Corp. v St. Paul Fire & Mar. Ins. Co., 143 AD3d 146, 151 [1st Dept 2016], affd 31 NY3d 131 [2018]). Although the above-quoted terms are not defined in the policy, defendants' underwriter and corporate designee testified that the $5 million limit for "Consolidation" under "Additional Coverage" was applicable to the entirety of the CD & C clause. Defendants' preliminary report acknowledged that 19 containers of pre-sold goods could not be directly delivered to the retailer upon arrival in the United States and were delivered to nonparty Jordan Logistics Inc., "where they were intended to be held for a limited time." Thus, even if the undefined words are ambiguous, the undisputed extrinsic evidence shows that the $5 million limit applies to the CD & C clause and that this clause affords coverage to the goods that were destroyed in the fire at the Jordan Logistics warehouse (see Burgos v Metro-North Commuter R.R., 40 AD3d 377, 377-78 [1st Dept 2007]).
Defendants did not raise below the argument that the $5 million limit applies solely to consolidation in the letter denying coverage of their answer to the complaint (see Benjamin Shapiro Realty Co. v Agricultural Ins. Co., 287 AD2d 389, 389 [1st Dept 2001]). In any event, the argument is unavailing, because the terms of a contract must be read in context (CT Inv. Mgt. Co., LLC v Chartis Specialty Ins. Co., 130 AD3d 1, 7 [1st Dept 2015]), and "no contractual clause is to be construed as being superfluous" (Lend Lease [US] Constr. LMB Inc. v Zurich Am. Ins. Co., 136 AD3d 52, 66 [1st Dept 2015], affd 28 NY3d 675 [2017]). Defendants' reading of [*2]the CD & C clause renders the
terms deconsolidation, containerization, decontainerization, distribution, and redistribution superfluous.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 25, 2019
CLERK